USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/4/2026

LAW OFFICE OF BRANDON A. ROTBART, P.A.
11098 BISCAYNE BLVD., SUITE 401-18
MIAMI, FLORIDA 33161
PHONE: 305/350-7400

**MEMORANDUM ENDORSED**

September 3, 2026

**Via ECF**
Honorable Judge Gregory Woods
United States District Court Judge
500 Pearl St., Room 2260
New York, NY 10007

**Re: Helen Swartz v. 548 W 48 LLC**
**Southern District Case no.: 1:26-cv-3013**

Your Honor:

Please accept this joint letter as a request for a pre-motion conference regarding discovery matters pursuant to your Individual Rules of Practice in Civil Cases. The parties' respective positions are set forth below.

**Plaintiff's statement:** On July 10, 2026, the undersigned submitted a Request for Production, Interrogatories, and Request for Admissions to Defendant's counsel via US mail and email. On same date, the undersigned requested from Mr. Hsu via email to meet and confer pursuant to this Court's Notice of Initial Pretrial Conference [Document 7]. Mr. Hsu did not respond, as a result of which additional emails were sent on July 15, and eventually a meet and confer and Rule 26(f) Conference were eventually held on July 23, 2026.

**Defendant's position:** Defendant disputes that account and refers the Court to the parties' July 23 joint letter. [ECF No. 13, ¶¶ (f)-(g).]

**Plaintiff's statement:** On August 24, 2026, Mr. Hsu filed his Defendant's Responses and Objections to Plaintiff's Request for Production. It should noted that not a single page of responsive discovery was provided with this filing, but instead said filing contained numerous objections, and advised that documents may be provided in the future after a "reasonable search". A copy of this response is attached hereto.

**Defendant's position:** Defendant timely served Rule 34 responses on August 24. The July 10 requests were deemed served at the July 23 Rule 26(f) conference; thirty days fell Saturday, August 22, so Rule 6(a)(1)(C) moved the deadline to Monday. Rule 34(b)(2)(B) expressly permits production at another reasonable time stated in the response; Plaintiff's contrary premise omits that sentence. Defendant set September 23 - before mediation and two months before fact discovery closes - and agreed to rolling production.

**Plaintiff's statement:** The undersigned attempted to contact Mr. Hsu by phone, and various emails went back and forth. Ultimately, it was Mr. Hsu's position that his promise to produce Documents at some point in the future was sufficient, whereas it was the undersigned's

position that the due date for the request was the due date for the actual responses. A telephonic meet and confer was held on August 28, 2026, and these positions were reiterated, though with no progress towards a resolution.

**Defendant's position:** Brandon A. Rotbart and Chia-Cheng Hsu conferred by telephone on August 28 beginning at 11:30 a.m. Eastern. The call lasted five minutes and nineteen seconds.

**Plaintiff's statement:** It should be noted that at the pretrial conference which took place before Your Honor on July 30, 2026, the undersigned brought to the Court's attention that there was pushback from the Defendant regarding discovery, and it was Defendant's position that discovery should be stayed until after his objections to standing were fully addressed by the Court. See also paragraph D of the parties' joint letter dated July 23, 2026 [Document 13]. The Court specifically addressed these discovery matters at said hearing, denied Mr. Hsu's request to stay discovery, instructed that discovery proceed in a timely fashion, and instructed that any issues be quickly brought to the Court's attention.

**Defendant's position:** Defendant proposed threshold standing discovery first - not a stay. [ECF No. 13, ¶ (d).] It then followed the Court's unphased schedule: Rule 26 disclosures on August 13, Rule 34 responses on August 24, and Local Civil Rule 33.3(a) interrogatories and document requests on August 28 - all timely.

**Plaintiff's statement:** As it pertains to the Plaintiff's Interrogatories dated July 10, 2026, Defendant has filed no response thereto, claiming that such request was invalid as it occurred prior to the Rule 26 Conference on July 23, 2026. While the undersigned concedes that discovery did not formally commence until then, more than 30 days have passed since said conference and a response to the Interrogatories is now overdue.

**Defendant's position:** Defendant asks the Court to deny Plaintiff's request, hold that the July 10 interrogatories triggered no deadline, and require Plaintiff to serve a Local Civil Rule 33.3-compliant set. Rule 26(d)(1) barred pre-conference discovery; Rule 26(d)(2)(B)'s deemed-service provision applies only to Rule 34, so Rule 33(b)(2)'s thirty-day response period never began. The set also violates the Court's Scheduling Order and Local Civil Rule 33.3. Nos. 1 and 2 may proceed only to the extent they seek witness and document identification permitted by Local Civil Rule 33.3(a). Nos. 3-5 and 8 exceed those categories, and ¶ 7(d) provides: "No other interrogatories are permitted without prior express permission of the Court." Nos. 6 and 7 are contention interrogatories that Local Civil Rule 33.3(c) permits only at the conclusion of other discovery and at least 30 days before the cutoff. Defendant explained this on August 26. Plaintiff cited no contrary authority, replied only, "I disagree, but that is up to the judge to decide," and announced a motion to compel. The governing provisions are clear; disagreement is not a basis to compel.

**Plaintiff's statement:** Defendant herein has provided literally no discovery. Defendant's Answer dated June 17, 2026 [Document 12] stated that Defendant "lacks knowledge or information" regarding any of the ADA violations alleged in the complaint, and no discovery regarding same has been provided since. In fact, even Defendant's initial disclosures fail to list an expert, instead stating only that: "5. An accessibility consultant to be retained by Defendant, whose identity and opinions, if offered, will be disclosed in accordance with Rule 26(a)(2) and the Court's scheduling order. Defendant's investigation is ongoing, and additional individuals may be identified in supplemental disclosures." This is not what is required by the Rules, nor

what will progress this case towards resolution or trial, nor what was instructed to be done by the Court at the July 30th pretrial conference.

**Defendant's position:** Plaintiff conflates initial disclosures with expert disclosures. Retained-expert disclosures are governed by Rule 26(a)(2), not Rule 26(a)(1). Under ¶ 8(c), Plaintiff's deadline is November 27 and Defendant's is December 11; Rule 26(b)(4)(D) protects consulting experts. Defendant will supplement available fact-witness contact information.

**DEFENDANT'S CROSS-REQUEST**

If the Court holds a conference, Defendant asks it to resolve two issues. First, ¶ 6 required applicable HIPAA-compliant authorizations by August 10. Plaintiff instead supplied a Winter 2023 Miami Beach magazine profile and page 3 of 7 of a December 6, 2012 visit note. Neither is an authorization; neither addresses her condition at the March 2026 hotel stay. Defendant seeks only provider- and condition-limited authorizations, from January 1, 2021 forward, concerning the multiple sclerosis, mobility impairment, and mobility-device use alleged in ¶ 5 - not her complete medical history. No emotional-distress authorization is sought if Plaintiff confirms that she claims only garden-variety distress and will not rely on diagnosis, treatment, experts, or medical records. Second, Plaintiff disclosed $35,000 without any computation and listed documents without locations, contrary to Rule 26(a)(1)(A)(ii)-(iii). Defendant requests compliant supplementation. A magazine profile and a fourteen-year-old fragment are not substitutes for the authorization ¶ 6 required.

Plaintiff's position: Plaintiff has provided sufficient information confirming the Plaintiff's diagnosis of Multiple Sclerosis and how it affects her, both via a news article about her, and in actual medical records. In fact, those medical records confrm various conditions including progressive multiple sclerosis, paresis, ataxia, and various other conditions which provide for extremity weakness and require the use of a power scooter. The Defendant's counsel wants a full HIPPA release dating back to 2021, but the undersigned feels that same is overbroad as the Plaintiff's medical condition is only at issue to the extend that she is disabled, and she has not placed her medical condition at issue by seeking damages for physical injury such as in a motor vehicle accident (ie, not relevant or likely to lead to relevant information, and an invasion of the Plaintiff's privacy as it pertains to the balance of her medical records which are not relevant to this matter). Nonetheless, Plaintiff's counsel has advised Defendant's counsel if there are any particular items he requires as it pertains to the Plaintiff's healthcare or condition, to advise the undersigned and same would be considered. Regarding any emotional distress or other damages resulting from the discrimination that took place at Defendant's hotel, Plaintiff's counsel has already advised Defendant's counsel (and does so again herein) that Ms. Swartz did not require any type of professional therapy or other help regarding same as a result of her stay at Defendant's hotel, and as such no such documentation regarding same exists. Finally, it should be clarified that the $35,000.00 previously offered included not only damages to the Plaintiff pursuant to the New York Civil Rights Law, but also attorney's fees, court costs, expert witness fees, travel expenses, etc., and such offer also included the remediation of the ADA violations at the Defendant's hotel within a reasonable time. However, as per my email dated August 26, that offer was only open until the end of that week, and as same was not accepted it was withdrawn thereafter.

Plaintiff intends to file a motion regarding these matters, but requests a pre-motion conference regarding same pursuant to paragraph 2(E)(i) of the Court's Individual Rules of Practice in Civil Cases prior to doing same.

Defendant notes that Individual Rule 2(E)(ii), not Rule 2(E)(i), governs discovery pre-motion submissions and requires one jointly composed letter.

Respectfully,

*/s/ Brandon A. Rotbart, Esq.*
BRANDON A. ROTBART

*/s/ Chia-Cheng Hsu*
CHIA-CHENG HSU, ESQ.

The Court will hold a conference regarding the parties' discovery dispute on September 10, 2026 at 3:00 p.m. in Courtroom 12C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, New York, 10007.

SO ORDERED.

Dated: September 4, 2026
New York, New York

GREGORY H. WOODS
United States District Judge